# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **ANTONIO PERES NELSON,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **NO. 4:25-CV-729-O** |
| | § | |
| **DIRECTOR, TDCJ-ID,** | § | |
| | § | |
| **Respondent.** | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Came on for consideration the petition of Petitioner, Antonio Peres Nelson, for writ of habeas corpus under 28 U.S.C. § 2254. The Court, having considered the petition, the response, the reply (which is titled "Petitioner Preliminary Answer with Brief in Support"), the record, and applicable authorities, concludes that the petition must be **DISMISSED** as untimely.

## I.    BACKGROUND

Petitioner is serving three concurrent life sentences following convictions under Case No. 1406812D in the 372nd District Court, Tarrant County, Texas, for aggravated sexual assault of a child under 14 years of age.  ECF No. 13-1 at 27–29.[1] He appealed and the convictions were affirmed. *Nelson v. State*, No. 02-16-00184-CR, 2017 WL 3526340 (Tex. App.—Fort Worth Aug. 17, 2017, no pet.). He did not timely file a petition for discretionary review.  *Id.*; ECF No. 13-1 at 36. In November 2017, Petitioner filed a motion for extension of time to file a petition for discretionary review, ECF No. 13-1 at 16, but it was denied. *Id.* at 18.

On February 28, 2024, Petitioner filed a state habeas application again seeking leave to file an

---

1 The references to the appendix to Respondent's brief are to "Page ___ of 36" reflected at the top right portion of the document on the Court's electronic filing system.

out-of-time petition for discretionary review. ECF No. 13-1 at 21–22. On June 5, 2024, the Court

of Criminal Appeal ("CCA") denied the application. *Id.* at 24. On September 9, 2024, Petitioner

filed a second state habeas application. *Id.* at 30. On April 23, 2025, the CCA denied the application

without written order on the findings of the trial court and on the Court's independent review of

the record. *Id.* at 32.

On July 1, 2025, Petitioner filed his federal habeas petition. ECF No. 1 at 13.

## II.    GROUNDS OF THE PETITION

Petitioner asserts three grounds in support of his petition, each alleging that he received

ineffective assistance of counsel. ECF No. 1. The Court need not describe them here.

## III.    STATUTE OF LIMITATIONS

A one-year period of limitation applies to a petition for writ of habeas corpus by a person

in custody pursuant to the judgment of a state court. The period runs from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or
> the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in
> violation of the Constitution or laws of the United States is removed, if the applicant was
> prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the
> Supreme Court, if the right has been newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have
> been discovered through the exercise of diligence.

28 U.S.C. § 2244(d)(1). Typically, the time begins to run on the date the judgment of conviction

becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment

becomes final when the time for seeking direct appeal expires or when the direct appeals have

been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

The time during which a properly filed application for state post-conviction relief is pending does not count toward the period of limitation. 28 U.S.C. § 2244(d)(2). A state habeas petition is pending on the day it is filed through the day it is resolved. *Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009). A subsequent state petition, even though dismissed as successive, counts to toll the applicable limitations period. *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999). And, a motion for reconsideration of the denial of a state petition also counts to toll limitations. *Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001). A state habeas application filed after limitations has expired does not entitle the petitioner to statutory tolling. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Equitable tolling is an extraordinary remedy available only where strict application of the statute of limitations would be inequitable. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine is applied restrictively only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). The petitioner bears the burden to show that equitable tolling should apply. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To do so, the petitioner must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The failure to satisfy the statute of limitations must result from factors beyond the petitioner's control; delays of his own making do not meet the test. *In re Wilson*, 442 F.3d at 875. Equitable tolling applies principally where the petitioner is actively misled by the government or is prevented in some extraordinary way from asserting his rights. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Patterson*, 211 F.3d at 930. Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Id.* Lack of legal acumen and

unfamiliarity with legal process are not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander*, 294 F.3d at 629.

Finally, the Supreme Court has recognized actual innocence as an equitable exception to the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To meet the actual innocence exception to limitations, the petitioner must show that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Id.* at 386–87; *Merryman v. Davis*, 781 F. App'x 325, 330 (5th Cir. 2019). "Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Moreover, such a claim requires the petitioner to support his allegations with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

## IV.    ANALYSIS

In this case, because he did not file a petition for discretionary review, Petitioner's conviction became final September 18, 2017, the next business day thirty days after the Second Court of Appeals affirmed his conviction. TEX. R. APP. P. 4.1; TEX. R. APP. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694–95 (5th Cir. 2003). Petitioner did not file his first state habeas application until 2024, over five years after his conviction became final and the time for filing a federal habeas petition expired. Thus, the filing of the state applications did not extend the limitations period. *Scott*, 227 F.3d at 263.

Here, Petitioner admits that his delay in seeking relief was caused by his own ignorance. ECF No. 16 at 4. As stated, equitable tolling applies only in rare and exceptional circumstances, principally where the petitioner is actively misled by the State or is prevented in some extraordinary way from asserting his rights. *Grooms v. Johnson*, 208 F.3d 488, 489–90 (5th Cir. 1999). Equitable tolling is the exception, not the rule. *Rotella v. Wood*, 528 U.S. 549, 561 (2000).

4

To meet his burden, Petitioner must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland*, 560 U.S. at 649. Petitioner has not met his burden.

## V.     CONCLUSION

For the reasons discussed, Petitioner's application is **DISMISSED**. The Court need not reach the merits of the claims.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** this **15th day** of **October, 2025**.


Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**